# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————————

m 99-10570
Summary Calendar

———————————

MARY N. BROOKS,

Plaintiff-Appellant,

VERSUS

ZOLTEK CORPORATION,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Texas
(1:98-CV-67-C)

———————————

December 7, 1999

Before SMITH, BARKSDALE, and
PARKER, Circuit Judges.

PER CURIAM:[*]

Mary Brooks was hired by Zoltek
Corporation ("Zoltek") on a probationary
basis. Sixty days into her employment, she
was released on grounds of excessive
absenteeism. She sued under title VII and 42
U.S.C. § 1981.

Brooks filed her complaint on March 19,
1998. Zoltek responded on August 5, 1998.
The district court issued its scheduling order
on August 7, requiring that all motions,
including summary judgment, be filed with
supporting briefs on February 16, 1999, and
that all discovery be completed by June 15,
1999. On February 12, 1999, Zoltek filed a

motion for summary judgment. On March 8,
Brooks filed a motion for continuance under
FED. R. CIV. P. 56(f), praying to be permitted
until June 15, 1999, to respond to the motion
for summary judgment with appropriate
evidence. The motion was denied on March 9.
Brooks never responded to the summary
judgment motion, and on April 14, 1999, the
motion was granted.

Because Brooks provided no answer to the
motion for summary judgment, she provided,
too, no evidence by which a genuine issue of
material fact could be created. The sole
question is whether the court erred in denying
continuance until June 15, 1999, in which to
collect evidence and file a response. We
review decisions regarding continuances for
abuse of discretion. *Liquid Drill, Inc. v. U.S.
Turnkey Exploration, Inc.*, 48 F.3d 927, 930
(5th Cir. 1995).

In *Liquid Drill*, we faced a similar inquiry.
Plaintiffs sued in April 1990. In November
1990, the defendants moved for summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be published
and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

judgment. In July 1991, the court granted summary judgment. Plaintiffs appealed, arguing in relevant part that the district court had erred in denying their motion to extend discovery. We affirmed, noting that by the time the district court had ruled on the summary judgment motion, it "had been pending for seven months, and ample time and opportunity for discovery had already lapsed." *Id.*

Here, the court acted on the summary judgment motion only a little over two months after it was filed. Brooks, however, had thirteen months from the filing of her complaint until summary judgment issued in which to collect that modicum of evidence necessary to avoid a summary judgment ruling. Moreover, she had been warned as of August 7, 1998, when the district court issued its scheduling order, that Zoltek would be filing a summary judgment motion, should it so choose, no later than February 16, 1999, and thus she had a full seven months in which to prepare for the entry of such an order.

Brooks's argument that the court should have waited until the end of the period set for discovery is without merit. The ten months provided for undertaking discovery was the time in which *all* discovery was to be completed, not merely that minimum amount necessary to avoid summary judgment.

In a case in which the summary judgment non-movant had managed to undertake at least a little discovery before the summary judgment motion was filed, and who then argued that "they were entitled to rely on the scheduling order, which permitted discovery to continue until May, 1991," we explained that "Rule 56 does not require that *any* discovery take place before summary judgment can be granted; . . . that more time was scheduled for discovery does not, by itself, defeat summary judgment." *Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit,* 28 F.3d 1388, 1396 (5th Cir. 1994) (emphasis added). Rather, to gain a continuance, a plaintiff must satisfy rule 56(f). We have elsewhere explained the criteria for gaining that continuance.

Oftentimes, . . . the evidence which the nonmoving party could offer to create a factual dispute is in the exclusive possession of the moving party. Where the party opposing the summary judgment informs the court that its *diligent efforts* to obtain evidence from the moving party have been unsuccessful, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course . . . . If, however, the nonmoving party has *not* diligently pursued discovery of that evidence, the court need not accommodate the nonmoving party's belated request.

*International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (citations and quotations omitted; emphasis added). Such is the case here.

AFFIRMED.